IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY GUEVARA, #12462-028, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 2:24-cv-28-RAH |
| R.D. KEYES, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

John Anthony Guevara, a federal inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging the manner in which the Bureau of Prisons ("BOP") applies time credits under the First Step Act ("FSA"). (Doc. 1.) Specifically, Guevara claims that he is serving two consecutive sentences, one of which is eligible to receive FSA time credits and one of which is not, and the BOP will not award him time credits for his eligible sentence. (*Id*. at 7.) Thereafter, Respondent filed a Response (doc. 9), which contends that the § 2241 Petition is due to be denied because Guevara is not eligible to receive time credits under the FSA, and Guevara filed a reply (doc. 13). Upon review of the parties' filings, and for the reasons explained below, Guevara's § 2241 Petition will be **DENIED** without an evidentiary hearing, and this case will be **DISMISSED** with prejudice.

Guevara is currently serving a 151-month sentence for Possession with Intent to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) as well as a 60-month sentence for Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). (Doc.

9-1 at 2, 6–7, 10–11.) Pursuant to 18 U.S.C. § 3584(c), the BOP aggregated Guevara's 151-month and 60-month sentences for administrative purposes, resulting in Guevara serving one 211-month aggregated term of imprisonment for both convictions. (*Id*.)

The Supreme Court has recognized that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The FSA directed the Attorney General to develop and release a system for assessing the risks and needs of prisoners. *See* 18 U.S.C. § 3632(a). The FSA requires the BOP to assign prisoners to appropriate evidence-based recidivism reduction programs or productive activities based on an individualized risk and needs assessment. *See* 18 U.S.C. §§ 3621(h)(1)(A), 3632(a)–(b). Generally, a prisoner who successfully completes these programs earns additional time credits. 18 U.S.C. § 3632(d)(4)(A). However, prisoners are not eligible to earn these time credits if they have been convicted under an enumerated list of statutory provisions, including a conviction under § 924(c). 18 U.S.C. § 3632(d)(4)(D)(xxii). As such, Guevara is ineligible to earn FSA time credits for his § 924(c) conviction, which he does not dispute.

Additionally, and quite relevant here, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Provision of time credits, like those earned under § 3632, is an administrative function of the BOP. *See, e.g., United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018) (describing "computing inmates' credit for time served" as the BOP's administrative duty); *see also Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate Chambers's

2

otherwise-consecutive sentences into a single unit for purely administrative purposes, such as—at issue here—calculating GTC under 18 U.S.C. § 3624.").

Indeed, numerous courts that have considered this issue have come to the same conclusion: that the BOP properly aggregates multiple-count sentences involving a consecutive § 924(c) sentence when determining FSA time credits. *See, e.g., Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025) ("[T]he BOP properly aggregated [petitioner's § 924(c) and RICO] convictions as a single sentence for purposes of FSA time credits."); *Clinkenbeard v. Murdock*, No. 24-3127, 2025 WL 926451, at *1 (8th Cir. Mar. 27, 2025) ("[T]he BOP correctly treated [petitioner's § 924(c) and drug trafficking crime] prison terms as a single aggregate sentence … and therefore properly denied him FSA credits."); *Oiler v. LeMaster*, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025) (holding that the BOP properly aggregated sentences for § 924(c) and other, non-disqualifying offenses and accordingly determined that petitioner was ineligible to receive FSA time credits); *Silva v. Warden, FCC Coleman-Low*, No. 5:22-cv-629-WFJ-PRL, 2024 WL 98212, at *5 (M.D. Fla. Jan. 9, 2024) ("The BOP is statutorily mandated to aggregate sentences for administrative purposes.[] Calculating time credits, including those earned under § 3632, is an administrative function of the BOP.[] Thus, for the purposes of § 3632, Petitioner is serving a single, aggregated sentence that encompasses his 924(c) conviction. He is ineligible to earn time credit.").

Based on the plain language of the relevant statutes, the court agrees with the above persuasive authority that awarding time credits is an administrative function of the BOP, Guevara's sentence is properly aggregated for administrative purposes, and Guevara is therefore ineligible to receive time credits under the FSA. Because this conclusion is based on the unambiguous interpretation of the above statutory

provisions, the court affords no deference to the BOP's interpretation of a statute. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority[.]").

Accordingly, for the reasons set forth above, it is **ORDERED** that Guevara's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (doc. 1) is **DENIED** without an evidentiary hearing[1] and this case is **DISMISSED** with prejudice.

Final Judgment will be entered separately.

DONE, on this the 6th day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition. *See Schriro v. Landrigan*, 550 U.S. 465 (2007). Guevara does not proffer any evidence that would necessitate an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the pertinent facts of the case are fully developed in the record before the court. *Schriro*, 550 U.S. at 474.